**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JORDAN K. RUEMLER, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, a Utah corporation; and BARBARA J. HAMMILL, <br><br> Defendants. | **Case No.** C04-5606JKA <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the court on Defendants' Motion for Summary Judgement. The court has considered all materials submitted in support of and in response to the motion as well as the files and records herein.

The Joint Status Report sets forth plaintiff's claims as alleged violations of the Washington Law Against Discrimination (WLAD), the federal Family and Medical Leave Act, (FMLA) and alleged wrongful discharge in violation of public policy.

**DISCUSSION**

Plaintiff's claims arise out of her termination from employment following a return from medical leave under the Family Medical Leave Act. There is no dispute that plaintiff was entitled to the leave. Plaintiff returned to work on a Friday, was questioned about some apparent customer complaints regarding

ORDER
Page - 1

accounts and other technical errors in her work discovered during her leave. She was terminated the following Monday.

Prior to her medical leave, plaintiff had received a written warning indicating that any future violations of Wells Fargo's Code of Ethics would result in her termination. This resulted from plaintiff increasing her husband's point of sale limit on his bank debit card after hours when no authorized person was available to consider the request.

Plaintiff alleges as follow:

    (1) her FMLA rights were violated in that she was

        (a) given inadequate opportunity to respond to the alleged violations discovered during FMLA leave, and

        (b)that her termination was in retaliation of her having exercised her rights under the FMLA,

(2) defendants violated RCW 49.60 (WLAD) and its federal counterpart in that male employees were committing similar violations were not similarly sanctioned,

(3) that the allegation she reversed an overdraft fee for customer Anthony Moore on the day she returned to work is false, and

(4) she was wrongfully discharged.

**1. FMLA CLAIMS**: Plaintiff appears to fault the defendants for looking into customer complaints received during an approximate 35-day leave authorized by the FMLA, then terminating her upon her return without allowing her adequate opportunity to review the customers files and respond to the complaints. She further alleges that to this date she has been unable to review the files for that purpose. Defendant responds with the obvious position that they could not defer responding to customer complaints until plaintiff returned from her leave, and that they could not violate her rights under the act by asking her to return to work to respond to the claims. It appears uncontradicted that subsequent to the filing of this action defense counsel agreed to make available all of the customer account records necessary to allow

plaintiff to review and counter the allegations of her faulty work.  There is nothing in the record to support plaintiff's claims (directly or by inference)  that she was terminated for exercising her FMLA rights**.  Plaintiff's FMLA claims should be dismissed.**

   **2. WLAD CLAIMS:** Plaintiff asserts that fellow employee, James Spooner, was treated less severely for the same types of alleged transgressions that served as the ultimate basis for terminating plaintiff. The affidavit of James Spooner is offered in support of this claim.  Spooner alleges that he too made technical errors regarding customer accounts and that rather than suffering termination he was given two weeks' pay and the opportunity to resign.  Defendant responds alleging that (1) Spooner was not working under notice that any further violations of the ethics code would result in his termination; and (2) there was never any allegation that Spooner had violated the Ethics Code by changing the point-of-sale for a close friend or family member.  Although Spooner received two weeks' pay and could label his departure a "resignation" it is undisputed that he lost his job with the defendant because of account and technical irregularities which appear to be the only misconduct attributed to Spooner.  Plaintiff, on the other hand, was on final warning status when these same types of irregularities surfaced.  With regard to other employees plaintiff suggests were treated more favorably, she offers no specific evidence that their alleged misconduct was known to defendant.  The quantum of evidence submitted by plaintiff to support her claim under WLAD does not rise to the level required to allow her to go forward.  **Plaintiff's claims pursuant to the WLAD should be dismissed**.

   **3. Reversal of Overdraft Fee:** Shortly after plaintiff was terminated defendant alleges a discovery that plaintiff had reversed an overdraft fee for customer Moore, with whom plaintiff has admitted in her deposition she had been having an extramarital affair.  While after acquired evidence may have a limited effect on the issue of damages, the issue is marginally relevant in this instance.  Plaintiff responds that it did not occur because it doesn't show on the account statements provided by Moore for Wells Fargo accounts ending in numbers XXXX3334 and XXXX9145.  In reply defendants assert the account relevant to the overdraft charge reversal is Moore's account ending in numbers XXXX3487 and that the reversal

was accomplished with plaintiff's employee number.

**4. Wrongful Discharge:** Plaintiff also seeks damages based on the theory of wrongful discharge in violation of public policy under Washington State law. The undersigned was the trial judge in the matter of *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219 (1984) and is very much aware of an respectful of the law established therein. Plaintiff pursues her wrongful discharge claim as an alternative theory. She is not seeking a double recovery. In this instance the facts alleged in support of plaintiff's wrongful discharge claim are the same as those alleged in support of her FMLA and WLAD violation claims. Having determined that there is insufficient evidence to establish a prima facie case under FMLA or WLAD, the court has found no public policy violation. **Plaintiff's wrongful discharge claims is dismissed.**

## CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED AS FOLLOWS:

**1. Defendants' motion for summary judgment is hereby granted.**

**2. Plaintiff's claims are hereby dismissed with prejudice.**

December 16, 2005

*/s/ J. Kelley Arnold*
U.S. Magistrate Judge, J. Kelley Arnold

ORDER
Page - 4

ORDER
Page - 5